UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X. LARRY JOSEPH THOMAS, CDCR #J-05107,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD J. DONOVAN CORRECTIONAL FACILITY WARDEN; PSYCHIATRY SUPERVISOR ADMINISTRATORS; C/O GONZALEZ, Sergeant; C/O TAYLOR; C/O AA JONES; C/O TORRES; C/O A. VALENCIA,<br><br>Defendants. | Case No.: 3:19-cv-02181-JAH-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS [ECF Nos. 4, 7]**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL [ECF No. 2]**<br><br>**AND**<br><br>**(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Plaintiff X. Larry Joseph Thomas, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* "Compl.," ECF No. 1 at 1.

Plaintiff broadly asserts three claims for relief: (1) A. Valencia, a RJD Correctional Officer assigned to the CCCMS Program C-Yard property room, negligently

failed to locate $355 worth of his personal property; *id.* at 3, (2) Sergeant A. Gonzalez failed to adequately investigate after Plaintiff was "attacked by a[t] least six or more untrained … correctional officers," on an unspecified occasion, and "did not make sure [Plaintiff] received the proper medical treatment" afterward, *id.* at 4; and (3) Correctional Officer Torres "fraudulently made … false claims" with respect to the confiscation, receipt, and storage of his lost property, and is "continuing [to] retaliate" against him. *Id.* at 5. Plaintiff asks to be "reimburse[d] in [the] amount[] [of] $10,000." *Id.* at 6.

He has not paid the filing fee required by 28 U.S.C. § 1914(a); instead, Plaintiff has filed two separate Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), and a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* ECF Nos. 2, 4, 7.

## I.     Motions to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1   6-month period immediately preceding the filing of the complaint." 28 U.S.C.

2   § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

3   trust account statement, the Court assesses an initial payment of 20% of (a) the average

4   monthly deposits in the account for the past six months, or (b) the average monthly

5   balance in the account for the past six months, whichever is greater, unless the prisoner

6   has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

7   custody of the prisoner then collects subsequent payments, assessed at 20% of the

8   preceding month's income, in any month in which his account exceeds $10, and forwards

9   those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);

10  *Bruce*, 136 S. Ct. at 629.

11          In support of his IFP Motions, Plaintiff has submitted a copy of his CDCR Inmate

12  Statement Report together with a prison certificate certified by an RJD accounting officer

13  *See* ECF No. 3 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at

14  1119. These statements show Plaintiff carried an average monthly balance of $.75, had

15  $.75 in average monthly deposits credited to his account over the 6-month period

16  immediately preceding the filing of his Complaint, and an available balance of zero at the

17  time of filing. *See* ECF No. 3 at 1, 3.

18          Therefore, the Court **GRANTS** Plaintiff's Motions to Proceed IFP (ECF Nos. 4,

19  7), and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28

20  U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from

21  bringing a civil action or appealing a civil action or criminal judgment for the reason that

22  the prisoner has no assets and no means by which to pay the initial partial filing fee.");

23  *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4)

24  acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a

25  "failure to pay ... due to the lack of funds available to him when payment is ordered.").

26  The Court will direct the remaining balance of the $350 total fee owed in this case be

27  collected by the agency having custody of the prisoner and forwarded to the Clerk of the

28  Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Motion to Appoint Counsel

Plaintiff also seeks the appointment of counsel because he is indigent and unable to afford a lawyer. *See* ECF No. 2.

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.,* 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015) (*quoting Palmer*, 560 F.3d at 970).

As currently pleaded, Plaintiff's Complaint demonstrates neither the likelihood of success nor the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. First, while Plaintiff may not be formally trained in law, his Complaint, together with the attached exhibits, as liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully capable of articulating the circumstances relevant to his purported claims—none of which appear complex. *Agyeman*, 390 F.3d at 1103. Second, for the reasons discussed more fully below, Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b), and, even assuming he is able to amend, it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim. *Id.*; *cf. Garcia v. Smith,* 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (noting that even if a prisoner's claims survive Defendants' Motion to Dismiss, it may be "too early to determine the likelihood of success on the merits.").

3:19-cv-02181-JAH-RBB

Therefore, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2) without prejudice on that basis. *See, e.g., Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits).

## III. Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

///

1    Detailed factual allegations are not required, but "[t]hreadbare recitals of the

2    elements of a cause of action, supported by mere conclusory statements, do not suffice."

3    *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

4    relief [is] . . . a context-specific task that requires the reviewing court to draw on its

5    judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

6    "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

7    this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969

8    (9th Cir. 2009).

9    **B.    Plaintiff's Allegations**

10    As previously summarized, Plaintiff's Complaint sets out three separate claims for

11    relief against three RJD officials:  Valencia, Gonzalez, and Torres. *See* Compl. at 3–5. In

12    Claims 1 and 3, which appear to involve the same incident, Plaintiff claims Torres and

13    Valencia negligently failed to account for, itemize, or properly store his personal

14    belongings after they were purportedly confiscated from his cell on June 11, 2018, and

15    then failed to relocate his missing property after he realized it was missing on August 30,

16    2018. *Id.* at 3, 5, 11–13, 17–35. In Claim 2, Plaintiff claims Sergeant Garcia failed to

17    conduct an investigation and ensure he was provided appropriate medical care after he

18    was "attacked" by "six or more untrained … correctional officers" on some unspecified

19    occasion. *Id.* at 4. But he offers no further detail related to the incident, and none of the

20    exhibits he has attached to his Complaint include any reference to it.[2]

21    ///

---

[2]  While "it is not the Court's duty," when screening a complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A "to wade through exhibits to determine whether cognizable claims have been stated," *Woodrow v. Cty. of Merced*, No. 1:13–cv–01505–AWI, 2015 WL 164427, at *4 (E.D. Cal. Jan 13, 2015), the Court has reviewed the exhibits Plaintiff attached to his Complaint in order to divine at least some basic understanding as to the circumstances surrounding Claim 2 and Sergeant Gonzalez's alleged failures with respect to Plaintiff's plight. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (reaffirming liberal construction of pro se pleadings after *Iqbal*). All those exhibits involve only Plaintiff's efforts to aggrieve his lost property, however. None include any mention of an excessive force incident, RJD's Warden, Psychiatry Supervisor Administrators, Sergeant Gonzalez, Officer Jones, or Officer Taylor.

3:19-cv-02181-JAH-RBB

And while Plaintiff's factual allegations as to Valencia, Gonzalez, and Torres are sparse, he alleges no facts whatsoever as to the involvement of the remaining RJD officials he has also included in the caption and identified as parties: RJD's Acting Warden, Psychiatry Supervisor Administrators, C/O AA Jones, or C/O A. Taylor. *Id.* at 2.

### C. <u>42 U.S.C. § 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. <u>Claims 1 & 3: Property Deprivation – Defendants Valencia & Torres</u>

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1405 (9th Cir. 1989). However, neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, *e.g.* a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to the

3:19-cv-02181-JAH-RBB

deprivation, a statutory provision for post-deprivation hearing or a state common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). The Ninth Circuit has long recognized that California law provides such an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing CAL. GOV'T CODE §§ 810-895).

Thus, deprivations of property resulting from negligence, or the "mere lack of due care," as Plaintiff alleges here, do not deny due process at all, and must be redressed through a state court damages action.[3] *See Daniels*, 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); *id.* at 330 ("'To hold that this kind of loss is a deprivation of property within the meaning of the Fourteenth Amendment seems not only to trivialize, but grossly to distort the meaning and intent of the Constitution.'" (quoting *Parratt*, 451 U.S. at 545 (Stewart, J., concurring)). In fact, the Supreme Court has explicitly warned against turning the Fourteenth Amendment and § 1983 into a "font of tort law to be superimposed upon whatever systems may already be administered by the States." *See Paul v. Davis*, 424 U.S. 693, 701 (1976).

///

---

[3] The Court notes Plaintiff also claims "C/O Torres [is] continuing [to] retaliate against [him]." *See* Compl. at 5. But he offers no additional "factual content that allows the court to draw the reasonable inference that [Torres] is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To state a claim for relief based on retaliation, a prisoner must satisfy five essential pleading elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, he must allege that the retaliated-against conduct is protected. *Watison,* 668 F.3d at 1114. Second, he must allege the defendant took adverse action against him. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, he must allege a causal connection between the adverse action and his protected conduct. *Watison*, 668 F.3d at 1114. Fourth, he must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, he must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Watison*, 668 F.3d at 1114–15; *see also Contreras v. Diaz*, No. 19-CV-02108-BAS-WVG, 2020 WL 133890, at *6 (S.D. Cal. Jan. 13, 2020). As currently pleaded, Plaintiff's Complaint meets none of these requirements.

3:19-cv-02181-JAH-RBB

1    Thus, because Plaintiff claims Defendants Torres and Valencia negligently

2    deprived him of personal property, any remedy he may have lies in state court and his

3    federal action must be dismissed for failing to state a claim upon which § 1983 relief may

4    be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-

5    27; *Wilhelm*, 680 F.3d at 1121.

6        **E.    Claim 2:  Sergeant Gonzalez**

7        In Claim 2, Plaintiff contends, without more, that Sgt. Gonzalez failed to properly

8    investigate and ensure he received "proper medical care" after an unexplained incident of

9    "brutality" waged against him "by at least six or more untrained … correctional officers."

10   *See* Compl. at 4. Because these "naked assertion[s]" are "devoid of [any] 'further factual

11   enhancement,' that 'state[s] a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S.

12   at 678 (citation omitted), they too must be dismissed. *See* 28 U.S.C. § 1915(e)(B)(ii);

13   § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

14       **F.    Remaining Defendants**

15       With respect to RJD's Warden, Psychiatry Supervisor Administrators, C/O Taylor,

16   and C/O AA Jones, who are included as Defendants in the caption of Plaintiff's

17   Complaint but not otherwise mentioned in the body of that pleading, he plainly fails to

18   state any claim upon which § 1983 relief may be granted. While a complaint need not

19   provide "detailed factual allegations," it must assert "more than [] unadorned, the–

20   defendant–unlawfully–harmed–me accusation[s]." *Iqbal*, 556 U.S. at 678. Even pro se

21   litigants must "allege with at least some degree of particularity overt acts which

22   defendants engaged in" in order to state a plausible claim for relief. *See Jones v. Cmty.*

23   *Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

24       Thus, for all these reasons, the Court dismisses Plaintiff's Complaint in its entirety

25   for failing to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C.

26   § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Watison*, 668

27   F.3d at 1112.

28   ///

3:19-cv-02181-JAH-RBB

1

### G. Leave to Amend

2

In light of his pro se status, the Court will grant Plaintiff leave to amend his

3 pleading deficiencies, if he can.[4] *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

4 2015) ("A district court should not dismiss a pro se complaint without leave to amend

5 [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the

6 deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v.*

7 *Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

8 **IV. Conclusion and Orders**

9

Based on the foregoing, the Court:

10

1. **GRANTS** Plaintiff's Motions to Proceed IFP pursuant to 28 U.S.C.

11 § 1915(a) (ECF Nos. 4, 7).

12

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from

13 Plaintiff's trust account the full $350 filing fee owed in this case, and to submit to the

14 Clerk of the Court monthly payments in an amount equal to twenty percent (20%) of the

15 preceding month's income, each time the amount in his account exceeds $10 pursuant to

16 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY

17 THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

18

19

---

20 [4] In this regard, the Court notes Plaintiff's failure to allege *any* facts with respect to the bulk of his claims
makes it difficult to determine whether his purported causes of action are in fact duplicative of ones he
21 has raised, and has already had dismissed, in a previous lawsuit filed against many of the same RJD
correctional officials. *See Thomas v. Valencia, et al.,* S. D. Cal. Civil Case No. 3:19-cv-00774-BAS-MSB
22 (ECF Nos. 1, 9, 13, 18); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice
of proceedings in other courts, both within and without the federal judicial system, if those proceedings
23 have a direct relation to matters at issue.'") (citation omitted). Plaintiff is hereby cautioned that should his
Amended Complaint reveal that he is, in fact, "merely repeat[ing] pending or previously litigated claims,"
24 his case will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), and
without further leave to amend. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *see also*
25 *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the
second action is duplicative of the first, we examine whether the causes of action and relief sought, as well
26 as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*,
553 U.S. 880, 904 (2008); *Lopez*, 203 F.3d at 1127 n.8 (noting that if a Plaintiff's claims are frivolous,
27 "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

28

3:19-cv-02181-JAH-RBB

1    3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph

2  Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

3    4.    **DENIES** Plaintiff's Motion to Appoint Counsel (ECF No. 2).

4    5.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which

5  relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **GRANTS** him leave

6  to file an Amended Complaint which cures the deficiencies of pleading noted **<u>on or</u>**

7  **<u>before March 2, 2020</u>**.

8        If Plaintiff fails to file an Amended Complaint within the time provided, the Court

9  will enter a final Order dismissing this civil action based both on Plaintiff's failure to

10  state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),

11  § 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring

12  amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

13  not take advantage of the opportunity to fix his complaint, a district court may convert the

14  dismissal of the complaint into a dismissal of the entire action.").

15        **IT IS SO ORDERED**.

16

17  Dated: January 21, 2020

18                                     Hon. John A. Houston
                                        United States District Judge
19

20

21

22

23

24

25

26

27

28

11