UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X. LARRY JOSEPH THOMAS, CDCR #J-05107,<br><br>                              Plaintiff,<br><br>  vs.<br><br>RICHARD J. DONOVAN, Warden, et al.,<br><br>                              Defendants. | Case No.: 3:19-cv-02181-JAH-RBB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

X. Larry Joseph Thomas ("Plaintiff"), incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C. § 1983.

**I.     Procedural Background**

At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed several Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), supplemental documents in support, and a Motion to Appoint Counsel. (*See* ECF Nos. 1, 2–4, 7, 9.)

On January 22, 2020, the Court granted Plaintiff's Motion to Proceed IFP, denied his Motion to Appoint Counsel, conducted its mandatory initial screening of his Complaint,

and dismissed it *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 10.) The Court also granted Plaintiff leave to amend and directed him to file an Amended Complaint that addressed all the deficiencies of pleading it identified on or before March 2, 2020. (*Id.* at 5-11); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted)).

On February 24, 2020, just one week before his Amended Complaint was due, Plaintiff filed a document entitled "Motion Requesting Continuance" (ECF No. 14). While Plaintiff did not reference the Court's January 22, 2020 Order, or even acknowledge his need to amend, he asked the Court for a "continuance" and to "except [sic] and grant [his] motions." (*Id.* at 1.) Liberally construing this as a motion for an extension of time in which to submit his Amended Complaint, the Court granted Plaintiff's Motion and extended the time in which he had to amend until April 10, 2020. (*See* ECF No. 17 at 3.) The Court again warned Plaintiff that his failure to amend would result in the dismissal of his case. (*See* ECF No. 10 at 11; ECF No. 17 at 3-4 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than four months have elapsed since the Court first dismissed Plaintiff's original Complaint on January 22, 2020. Yet, he has failed to file an Amended Complaint, and has not requested a second extension of time in which to do so.[1] "The failure of the

---

[1] On February 26, 2020, Plaintiff did file a Notice of Appeal in the Ninth Circuit seeking to challenge this Court's January 22, 2020 screening order. *See* ECF Nos. 18, 19 (Ninth Cir. Ct. App. No. 20-55259). But this appeal was dismissed because the order Plaintiff sought to challenge was not final or appealable. *See* ECF No. 21 at 1 (citing *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)). The Ninth Circuit's March

plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.     Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's January 22, 2020 and March 6, 2020 Orders. The Clerk is **DIRECTED** to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: June 3, 2020

_____
Hon. John A. Houston
United States District Judge

---

27, 2020 judgment became final when its mandate issued on April 20, 2020. *See* ECF No. 22. More than a month has passed since then, and still Plaintiff has made no effort to amend.