UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH THOMAS, CDCR #J-05107,<br><br>  Plaintiff,<br><br>vs.<br><br>RICHARD J. DONOVAN, Warden, et al.,<br><br>  Defendants. | Case No.: 3:19-cv-02181-JAH-RBB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECONSIDERATION**<br>**[ECF No. 26]**<br><br>**AND**<br><br>**(2) DISMISSING PROPOSED AMENDED COMPLAINT PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii)**<br>**AND § 1915A(b)(1)** |

Larry Joseph Thomas ("Plaintiff"), incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C. § 1983.

**I.  Procedural Background**

At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed several Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), supplemental documents in support, and a Motion to Appoint Counsel. *See* ECF Nos. 1, 2–4, 7, 9.

On January 22, 2020, the Court granted Plaintiff's Motions to Proceed IFP, denied his Motion to Appoint Counsel, conducted its mandatory initial screening of his Complaint, and dismissed it *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 10. The Court also granted Plaintiff leave to amend and directed him to file an Amended Complaint that addressed all the deficiencies of pleading it identified on or before March 2, 2020. *Id.* at 5-11; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted)).

On February 24, 2020, just one week before his Amended Complaint was due, Plaintiff filed a document entitled "Motion Requesting Continuance." *See* ECF No. 14. While Plaintiff did not reference the Court's January 22, 2020 Order, or even acknowledge his need to amend, he asked the Court for a "continuance" and to "except [sic] and grant [his] motions." *Id.* at 1. Liberally construing this as a motion for an extension of time in which to submit his Amended Complaint, the Court granted Plaintiff's Motion and extended the time in which he had to amend until April 10, 2020. *See* ECF No. 17 at 3. The Court again warned Plaintiff that his failure to amend would result in the dismissal of his case. *See* ECF No. 10 at 11; ECF No. 17 at 3-4 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff again failed to file an Amended Complaint, and did not seek a second extension of time in which to do so. Therefore, on June 3, 2020, the Court dismissed Plaintiff's civil action in its entirety based on his failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's January 22, 2020 and March 6, 2020 Orders. *See* ECF No. 23 at 3.

///

Approximately two weeks later, on June 18, 2020, Plaintiff filed a document titled as an "Affidavit" and challenging the Court's June 3, 2020 Order, which the Court now construes as a Motion for Reconsideration. *See* ECF No. 26. In his Affidavit, Plaintiff seeks a "reasonable understanding" of his filing delays. *Id.* at 3. Specifically, Plaintiff claims he has "fac[ed] various [sic] difficulties" to filing his Amended Complaint while in prison, suggests RJD correctional officers have tampered with his mail, and claims he lacks access to the law library due to the COVID-19 pandemic. *Id.* Plaintiff furthered submitted a supplemental document entitled as an "Amended Complaint" (ECF No. 29) as well as a Declaration in Support of Reconsideration[1] (ECF No. 30) on August 10, 2020.

## II. Plaintiff's Motion for Reconsideration

### A. Plaintiff's Arguments

In his Motion, Plaintiff requests the Court "reconsider" its June 3, 2020 Order and to re-open his civil action. *See* ECF No. 26 at 3. Specifically, Plaintiff ask the Court to consider several "reasons" explaining his "filing delays." *Id.* First, Plaintiff "believe[s]" RJD correctional officers are tampering with his outgoing mail. *Id.* at 1. Next, Plaintiff broadly claims he has had various other unspecified difficulties with RJD correctional officers and faces restrictions due to the COVID-19 pandemic. *Id.* at 3. Finally, Plaintiff

---

[1] The Court notes that the Declaration in Support of Reconsideration was not filed by Plaintiff himself. *See* ECF No. 30 at 1, 6 (submitted by Shadale L. Williams, "Next Kin" for X. Larry Joseph Thomas). Instead, it was submitted by an "inmate legal assistant" confined at RJD who states that if the Court reconsiders this case, it will be the assistant's "burden . . . to file" an Amended Complaint "on Plaintiff's behalf." *See* ECF No. 30 at 2, 5-6. Pro se means to appear for one's self, therefore, a person may not appear on another person's behalf in the other's cause. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). A person must be litigating an interest personal to him. *See Rucker v. Curry*, No. C 08-2933 JSW (PR), 2009 WL 412705, at *1 (N.D. Cal. Feb. 18, 2009) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Thus, the Court notes that even if Plaintiff was given another chance to amend his complaint, he would have to do so on his own. *See* S.D. Cal. CivLR 5.1(h) ("[N]o document will be filed in any case by a person not a party thereto.").

claims he was denied access to the prison's law library due to quarantine. *Id.*

B.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. But where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." *Id.* at 1049. Thus, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2) permits motions for re consideration within "30 days of the entry of the ruling."

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). A district court may grant a Rule 59(e) motion if it "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

1    Similarly, under Rule 60, a motion for "relief from a final judgment, order or
2 proceeding" may be filed within a "reasonable time," but usually must be filed "no more
3 than a year after the entry of the judgment or order or the date of the proceeding." Fed.
4 R. Civ. P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1)
5 mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or
6 (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any
7 other reason justifying relief. Fed. R. Civ. P. 60(b). Under both Rule 59 and 60,
8 reconsideration is left to the sound discretion of the district court, *Navajo Nation v.*
9 *Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003), and "is not a substitute for appeal."
10 *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1980).

11    Plaintiff's Motion is timely considered under both Local Rule 7.1(i) and Rule 59(e)
12 (applying to final judgments), because it was filed only 15 days "after the entry of the
13 ruling, order or judgment sought to be reconsidered." S.D. Cal. CivLR 7.1(i); Fed. R.
14 Civ. P. 59(e); *see also Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v.*
15 *California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009). However, Plaintiff's Motion is
16 unavailing because it fails to point to new evidence, clear error, or any change in the
17 controlling law governing his purported § 1983 claims. *Wood*, 759 F.3d at 1121.

18    Instead, Plaintiff fails to assert any legal arguments for reconsideration and merely
19 points to various obstacles he suggests have prevented him from filing his Amended
20 Complaint on time. *See* ECF No. 26 at 1, 3. Plaintiff does not point to any newly
21 discovered evidence, show clear error or manifest injustice; nor does he identify any
22 intervening change in controlling law which would justify reconsideration of the Court's
23 June 3, 2020 Order. *See Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004). "Although
24 Rule 59(e) permits a district court to reconsider and amend a previous order, the rule
25 offers an extraordinary remedy, to be used sparingly in the interests of finality and
26 conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877,
27 890 (9th Cir. 2000) (internal quotation marks omitted). "[R]econsideration' means just
28 that: Courts will not entertain arguments that could have been but were not raised before

the just-issued decision. A Rule 59(e) motion is therefore backward-looking; and because that is so, it maintains a prisoner's incentives to consolidate all of his claims in his initial application." *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020).

Moreover, nothing in Plaintiff's Motion, his supplemental documents, or the Declaration submitted on his behalf shows or even plausibly suggests the Court's June 4, 2020 judgment is subject to question based on the existence of newly discovered evidence, fraud by the opposing party, or any mistake committed by the court. *See Bynoe v. Baca*, 966 F.3d 972, __ (9th Cir. July 24, 2020) (discussing the circumstances that may justify reopening a final judgment under Rule 60(b)). As noted above, Plaintiff's Complaint was dismissed *sua sponte* based on *his* failure to state a claim upon which § 1983 relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, *his* failure to address these deficiencies despite his having been granted a generous extension of time in which to do so, and *his* failure to prosecute. *See* ECF Nos. 17, 23. To the extent his lack of access to the law library,[2] or conditions of confinement arising months after the Court first notified him on his pleading deficiencies and need to amend on January 22, 2020 caused delay, Plaintiff could have requested a second extension of time. Instead, he elected to file and pursue a premature notice of appeal, *see* ECF Nos. 18–22, and simply failed to acknowledge this Court's deadlines until well after the Ninth Circuit dismissed his appeal for lack of jurisdiction and a final judgment was entered against him. *See, e.g.*, *Keeton v. Seitz*, No. CV 17-7523-FMO (KS), 2018 WL 2186973, at *2 (C.D. Cal. May 11, 2018) (noting that "[t]he Court cannot dispose of a case on its merits

---

[2] Even assuming COVID-19 restrictions have limited Plaintiff's access to the prison's law library, those limitations, without more, are insufficient to justify his failure to prosecute given the pre-pandemic filing deadline originally set and the extension of time previously granted in this case. *See, e.g.*, *Rosenblum v. Ellis*, No. 1:05-CV-01473-LJO-GSA-PC, 2010 WL 2471148, at *2 (E.D. Cal. June 10, 2010) (advising pro se prisoner that the "lack of access to the law library is not sufficient grounds for a motion for extension of time in which to file an amended complaint."); *id.* (noting that an "amended complaint does not require legal analysis. Plaintiff must simply allege the facts that entitle him to relief, and state the legal cause of action for each claim.").

when the plaintiff fails to move the case forward, does not comply with court orders, and does not explain his silence or delay."), *appeal dismissed sub nom. Keeton v. D. Seitz*, No. 18-55793, 2018 WL 4489308 (9th Cir. Aug. 24, 2018); *cf. Forte v. Jones*, 2014 WL 7069447, at *3 (E.D. Cal. Dec. 12, 2014) (noting that plaintiff's "decision to engage in multiple simultaneous lawsuits is a matter of choice and the demands on his time and attention in one action do not constitute an excuse for deadlines missed in another action."); *Haywood v. Bedatsky*, 2007 WL 1412523, *5 (D. Ariz. May 11, 2007) (finding extension of time to serve defendants unwarranted because while plaintiff was proceeding pro se, he "[wa]s not a novice litigator," and "had filed at least three previous lawsuits against many of the[] same [d]efendants.").[3]

Thus, because Plaintiff points to no intervening change in the law, material oversight, or any error whatsoever under Rule 59(e), and because Plaintiff does not seek to vacate the Court's judgment in this case based on any mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or other reason justifying relief pursuant to Rule 60(b), his Motion for Reconsideration is **DENIED**.

**III.   Proposed Amendment**

Even if the Court were to vacate the final judgment entered on June 4, 2020, it further finds that the document Plaintiff has captioned as his "Amended Complaint" (ECF No. 29) fails to acknowledge or even marginally address the pleading deficiencies identified at length in its January 22, 2020 Order. *See* ECF No. 10 at 5-11. Because Plaintiff's proposed Amended Complaint still fails to state a claim upon which § 1983

---

[3] The Court may take judicial notice of its own records and those publicly available on PACER and notes that Plaintiff Larry Joseph Thomas, identified as CDCR Inmate #J-05107, has filed twelve pro se civil actions in the Northern, Eastern, and Southern Districts of California—seven of which were filed in 2018 and 2019 alone. *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=0720041416834afe8f54f6116f0102e2 (last visited August 19, 2020); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting that the court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

relief can be granted, it too must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### A. Initial Screening

As Plaintiff knows, because he is a prisoner proceeding in forma pauperis, his Amended Complaint, like his original Complaint, is subject to pre-answer screening and dismissal of it is found if it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### B. Plaintiff's Amended Complaint

Plaintiff's proposed Amended Complaint contains virtually no factual allegations. He does not reallege any of the claims or expand on any of his arguments raised in his original Complaint and does not assert any individualized claims with respect to any named Defendants. Instead, Plaintiff merely offers vague, conclusory, and scattered assertions like "there is a big major problem going on" with his due process rights, RJD

prison "is still responsible for [his] lost properties," he has "been depriv[ed] of … most needed necessities," and "cruel an[d] unusual punishment is still against the law." *See* ECF No. 29 at 3, 6, 8. The remainder of his proposed pleading consists of random exhibits, letters addressed to Warden, inmate appeals, an Inmate Property Inventory, Legal Status and Sentencing Summary, and duplicate copies of Plaintiff's prison trust account statements and declarations of his indigency. *Id.* at 22–44.

This type of submission falls far short of stating a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even pro se litigants must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim. *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Complaints that "tender [only] 'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). And while "legal conclusions" like "cruel and unusual punishment" "can provide the framework of a complaint, they must be supported by factual allegations," lest the Plaintiff face dismissal. *Id.*

Thus, as it stands, Plaintiff's proposed Amended Complaint fails to comply with Rule 8 because it does not contain "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) & (2). *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th

Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling."); *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (noting it is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading."). While "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 2017). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

For these reasons, the Court finds Plaintiff's proposed Amended Complaint also fails to state a claim upon which § 1983 relief can be granted, that dismissal of this civil action remains proper pursuant to Rule 8, 28 U.S.C. § 1915(e)(2)(B)(ii), and § 1915A(b)(1), and that the Court's June 4, 2020 judgment of dismissal must stand. *See Lira,* 427 F.3d at 1169.

### IV.   Conclusion and Order

Accordingly, the Court:

(1)   **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 26);

(2)   **DISMISSES** Plaintiff's proposed Amended Complaint (ECF No. 29) for failing to comply with Fed. R. Civ. P. 8, for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failing to comply with the Court's Orders requiring amendment;

(3)   **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

/ / /

(4)     **DIRECTS** the Clerk of the Court to again close the file.

**IT IS SO ORDERED**.

Dated: August 28, 2020

_____
Hon. John A. Houston
United States District Judge